# EXHIBIT 1



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Renee Edwards
_____
Plaintiff

vs.

US Security Associates, Inc.
_____
Defendant

Case Number **14-0002165**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Leonard Ference
**Name of Plaintiff's Attorney**

1210 24th St., NW Suite 300
**Address**
Washington, DC 20037

(202) 467-2733
**Telephone**

_Clerk of the Court_

By Adrienne J. Noroush
_Deputy Clerk_

Date 4/8/2014

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                CASUM.doc



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____ Demandante
                contra
_____ Demandado

Número de Caso: _____

## CITATORIO

**Al susodicho Demandado:**

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

**SECRETARIO DEL TRIBUNAL**

Nombre del abogado del Demandante

Dirección _____

Por: _____
     Subsecretario

Fecha: _____

Teléfono
如需翻译, 请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ኣስተርጓሚ (202) 879-4828 ይደውሉ

**IMPORTANTE:** SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

**Vea al dorso el original en inglés**
**See reverse side for English original**

CASUM.doc

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office
APR 0 8 2014
Superior Court of the
District of Columbia
Washington, D.C.

| | |
|---|---|
| Renee Edwards<br>301 Anacostia Road, SE<br>Apartment 303<br>Washington, DC 20019<br><br>　　　Plaintiff,<br><br>v.<br><br>U.S. Security Associates, Inc.<br>2815 Hartland Road<br>Falls Church, VA 22043<br><br>　　　Defendant. | COMPLAINT<br><br>JURY DEMAND ENTERED<br>14-0002165 |

## COMPLAINT

Comes Now Plaintiff, Renee Edwards (hereinafter the "Plaintiff"), by and through her counsel of record, and alleges and seeks relief as follows:

### PARTIES AND JURISDICTION

1. At all times material hereto Plaintiff was a resident of the District of Columbia.

2. Upon information and belief, at all times relevant herein, Defendant U.S. Security Associates, Inc. is a business entity with substantial contacts in the District of Columbia, including providing security for the Union Station Parking Garage located at 30 Massachusetts Ave., NE, Washington, DC 20002.

3. Jurisdiction of this Court is proper pursuant to D.C. Code §§ 11-921, 9-1107.01, and 9-1107.10.

4. The amount in controversy exceeds $5,001.00 exclusive of costs and interest.

## FACTS

5. At all relevant times hereto, Plaintiff Renee Edwards worked as a security guard for U.S. Security Associates, Inc. at the Union Station Parking Garage.

6. On April 27, 2013, after Plaintiff had worked for over a year for U.S. Security Associates, Inc., an employee at the Union Station Parking Garage made sexually suggestive comments toward Plaintiff, including, but not limited to, inviting Ms. Edwards to ride on his bike and requesting that she accompany him to his office so that they could be in private.

7. Plaintiff immediately reported the incident to her superiors, who wrote an incident report.

8. Subsequently, on April 30, 2013, the same man cornered Ms. Edwards in an elevator in front of several witnesses, stood within an inch of her, and rubbed his genitalia on her body while again making sexually suggestive comments.

9. During the April 30th incident the employee became hostile and aggressive toward the father of Ms. Edwards' child, who was in the elevator at the time of this incident and tried to defend her.

10. The April 30th incident was also immediately reported to Plaintiff's superiors and an incident report created.

11. Following the two incident reports, U.S. Security Associates, Inc., failed to follow up on the incidents, contact Plaintiff, or otherwise take any corrective action to provide a safe working environment for Ms. Edwards.

12. After Plaintiff reported the two incidents, her all-male co-workers at U.S. Security Associates, Inc., particularly her superiors, began to treat Plaintiff with open hostility, suspicion and derision.

13. Other employees at the Union Station Parking Garage also treated Plaintiff in a hostile manner, openly mocking her and laughing at her.

14. In one incident, on June 18, 2013, an employee at Union Station Parking Garage stole Ms. Edwards' hand held radio from the break room while she was in the bathroom, subsequently lied to her about where it was, and laughed at her panicked reaction.

15. Subsequently, again on June 18, 2013, Plaintiff was on a 30 minute break and resting her head in the break room due to a severe headache, when the same employee who played the prank on Ms. Edwards took a picture of her and sent it to the district manager, claiming Plaintiff was asleep while on duty in violation of the U.S. Security Associates Security Officer's Guide.

16. In spite of the fact that Plaintiff was on her break and not asleep, the district manager called for her immediate termination despite the fact that Ms. Edwards had no prior disciplinary actions or warnings.

## FIRST CAUSE OF ACTION: SEXUAL HARRASSMENT UNDER THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

17. The Plaintiff re-alleges and incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

18. A Prima facie case of sexual harassment is established as follows: 1) Plaintiff is a member of a protected class; 2) that Plaintiff has been subject to unwelcome behavior that was based on sex; and 3) the harassment affected a term, condition, or privilege of employment.

19. Plaintiff is a female employee and member of a protected class.

20. Plaintiff was repeatedly subjected to unwelcome suggestive comments and unwelcome touching by a co-worker based on her sex.

21.     The sexual harassment affected a term, condition, or privilege of employment as it interfered with Plaintiff's ability to perform her job, causing her extreme fear, intimidation, discomfort and physical and emotional stress.  Further, Plaintiff was terminated shortly after complaining of the sexual harassment to her superiors.

22.     As a result of this sexual harassment, Plaintiff suffered severe emotional, physical, and financial damages.

## SECOND CAUSE OF ACTION: DISPARATE TREATMENT UNDER THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

23.     The Plaintiff re-alleges and incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

24.     A Prima facie case of disparate treatment is established as follows: 1) the Plaintiff is a member of a protected class; 2) the Plaintiff suffered an adverse employment action; and 3) the adverse action gives rise to an inference of discrimination.

25.     Plaintiff is female, and the only female security officer at the Union Station Parking Garage, and therefore a member of a protected class.

26.     Plaintiff suffered an adverse employment action when she was terminated from her position as security officer.

27.     Plaintiff, immediately prior to her termination, was harassed sexually, ridiculed, laughed at, treated in a hostile manner, had tricks played on her and was falsely accused of violating the employee guidelines, giving rise to an inference of discrimination as motivation for her termination.

28. As a result of this disparate treatment, Plaintiff suffered severe emotional, physical, and financial damages.

## THIRD CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT UNDER THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

29. The Plaintiff re-alleges and incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

30. A Prima facie case of hostile work environment is established as follows: 1) the Plaintiff is a member of a protected class; 2) Plaintiff was subject to unwelcome harassment; 3) the harassment occurred because of Plaintiff's protected status; 4) the harassment affected a term, condition or privilege of employment; and 5) the employer new or should have known about the harassment and yet failed to take corrective action or steps to prevent said harassment.

31. Plaintiff is female and had reported instances of sexual harassment to her superiors and is therefore a member of a protected class.

32. Plaintiff was subject to unwelcome harassment as she was subject to unwanted sexual advances by one employee, and subject to open hostility, mockery, intimidation and disrespectful treatment by other employees and her superiors.

33. The harassment occurred based on Plaintiff protected status as it was sexual in nature and in response to Plaintiff reporting instances of sexual harassment.

34. The harassment affected a term, condition or privilege of employment because it affected Plaintiff's ability to perform her job on a daily basis, directly and proximately causing Plaintiff to suffer severe headaches, loss of sleep, loss of appetite, nausea, and stress. Plaintiff was subsequently terminated.

35. Plaintiff reported the incidents of sexual harassment to her superiors, who took no corrective action, instead becoming openly hostile, rude and disrespectful to Plaintiff and ultimately wrongfully terminating her.

36. As a result of this hostile work environment, Plaintiff suffered severe emotional, physical, and financial damages.

## FOURTH CAUSE OF ACTION: RETALIATION UNDER THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT.

37. The Plaintiff re-alleges and incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

38. A Prima facie case of retaliation is established as follows: 1) the Plaintiff engaged in a protected activity; 2) Plaintiff suffered an adverse employment action; and 3) there is a causal connection between engaging in the protected activity and the adverse employment action.

39. Plaintiff engaged in a protected activity by reporting two incidents of sexual harassment to the appropriate supervisors.

40. Plaintiff was subsequently terminated within two months of reporting said activity and after two months of ongoing harassment based on her reporting under the guise that she had violated employee guidelines when in fact she had not.

41. Plaintiff's termination was causally related to her reporting the sexual harassment to her supervisor.

42. As a result of this retaliation, Plaintiff suffered severe emotional, physical, and financial damages.

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor and against Defendant, in an amount in excess of $500,000.00 that will fully compensate Plaintiff for the harassment, discrimination and damages she suffered. Plaintiff further prays that judgment also be entered in their favor and against Defendant for interest from the date of accrual of this action, costs of this suit, expert witness fees, punitive damages and for such other and further relief as this Honorable Court may deem just and proper.

### REQUEST FOR JURY TRIAL

Plaintiff respectfully request that all matters contained in this Complaint be tried by Jury.

Respectfully Submitted,

LAW OFFICES OF LEONARD B. FERENCE

By:

Leonard B. Ference, Esq. [Bar # 995053]
1250 24th Street, N.W., Suite 300
Washington, D.C. 20037
(202) 467-2783
(202) 821-4703 (fax)
lference@ferencelawfirm.com



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RENEE EDWARDS
Vs.
U.S. SECURITY ASSOCIATES, INC.

C.A. No.    2014 CA 002165 B

## **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge CRAIG ISCOE
Date: April 8, 2014
Initial Conference: 9:30 am, Friday, July 18, 2014
Location: Courtroom 200
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc